IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

PAUL L. WICKHAM;
DWAYNE M. GARRETT,

        Plaintiffs,

v.

COLONEL MAUREEN A. KOHN,
JUDGE,

        Defendant.

Case No. 25-CV-00523-SEH-MTS

## OPINION AND ORDER

Before the Court is the government's motion to dismiss the complaint.[1]
[ECF No. 4]. Plaintiffs Paul L. Wickham and Dwayne M. Garrett sued
Colonel Maureen A. Kohn. Aside from the case caption and Plaintiffs'
signatures, the entirety of the Complaint consists of the following:

> You are in violation of Criminal Accessory OS 21-175 (Revised 2024). This case has been going on 4 1/2 years with no results. We are asking this court to intervene. We have contacted the Military Tribunal many times with no results.
>
> We are asking you under Arbor Code 7549, Dwayne M. Garrett, N.S.A.

[ECF No. 2-1 at 1].

---

[1] Plaintiffs originally filed a Petition in the Tulsa County District Court [ECF No. 2-1] and the United States removed the action to this Court [ECF No. 2]. For consistency with the Federal Rules of Civil Procedure, the Court refers to the petition as the "complaint."

The government removed the action to this Court and now moves to dismiss the Complaint. [ECF Nos. 2, 4]. Among other things, the government argues that the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6). [ECF No. 4 at 2]. Because Plaintiffs fail to state a claim upon which relief may be granted, the Court grants the government's motion and dismisses the complaint without prejudice.

## I. Discussion

A *pro se* plaintiff's complaint must be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, liberal construction of a *pro se* plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Notwithstanding a *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). A complaint

must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citation modified). Nor will the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Here, Plaintiffs' Complaint contains only conclusory allegations and is devoid of any factual allegations that would support a claim upon which relief may be granted. Plaintiff also cites to an Oklahoma criminal statute that does not provide for a civil cause of action, so Plaintiff has failed to state a claim upon which relief may be granted on this front as well. *See Kelly v. Rockefeller*, 69 Fed. App'x 414, 415 (10th Cir. 2003).

## II. Conclusion

The government's Motion to Dismiss [ECF No. 4] is GRANTED and the complaint [ECF No. 2-1] is DISMISSED without prejudice under Fed. R. Civ. P. 12(b)(6).[2] Dismissal is without leave to amend because Plaintiffs failed to respond to the government's motion and did not request leave to amend. A separate judgment will enter.

DATED this 8th day of July, 2026.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court dismisses the complaint on this independent basis, it need not address the other arguments the government raises.